FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MATHEW S.,[1]

    Plaintiff,

v.

ANDREW M. SAUL, the Commissioner of Social Security,

    Defendant.

No. 4:20-CV-5044-EFS

**ORDER GRANTING PLAINTIFF'S SUMMARY-JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY-JUDGMENT MOTION**

The Court is asked to determine whether the Social Security Administration (SSA) appropriately seeks repayment of disability insurance benefits (DIB) paid to Plaintiff in the amount of $18,650.00.[2] Plaintiff agrees that he was partially overpaid DIB due to his receipt of time-loss compensation from the State of Washington's workers' compensation program for the period May 2011 to December 2011, but Plaintiff disagrees that his lumpsum permanent partial disability (PPD) award is subject to a federal offset, and, even if offset is required, Plaintiff asks the Court to waive repayment. The Commissioner argues that offset

---

[1] To protect the privacy of the social-security Plaintiff, the Court refers to him by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] ECF Nos. 25 & 27.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 1

is required for both Washington workers' compensation benefits—the time-loss compensation and the lumpsum PPD award—and, moreover, Plaintiff caused the overpayment by not disclosing his PPD award. Given the Ninth Circuit's approach in *Hodge v. Shalala*,[3] which focuses on whether the financial benefit was to compensate the injured worker for lost earning capacity, the Court determines that 1) Plaintiff's lumpsum PPD award did not compensate Plaintiff for lost earning capacity, and 2) repayment related to Plaintiff's time-loss compensation is waived.

## I.  Background

Plaintiff injured his low back while working. Plaintiff sought federal DIB under Title 2, 42 U.S.C. § 401-433. After considering all of Plaintiff's impairments, the SSA found Plaintiff disabled and awarded him DIB beginning May 2011.[4]

As a result of the same workplace injury, a Washington state workers' compensation claim was also opened. Plaintiff received time-loss compensation totaling $11,425.50 for the period May 1, 2011, through December 28, 2011. Plaintiff's workers' compensation claim also involved a separate PPD claim related to his low back. In 2012, Plaintiff entered into a confidential settlement agreement relating to his PPD claim, awarding him $115,000.00, minus State child-support payments.[5]

---

[3] 27 F.3d 430, 432-34 (9th Cir. 1994).

[4] AR 82-90.

[5] AR 59-62.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 2

On his Title 2 social security application, Plaintiff notified the SSA that his lower back injury was related to work and of his State time-loss compensation claim.[6] Plaintiff did not notify SSA about the confidential PPD settlement award. The SSA learned of the PPD award from the State. The SSA then notified Plaintiff that, considering the State worker's compensation time-loss compensation and the PPD award, the SSA had overpaid him Title 2 benefits. After several revisions to the claimed overpayment amount, the SSA claims that Plaintiff was overpaid $18,650.00.[7] Plaintiff sought relief from this claimed overpayment, highlighting that the PPD settlement did not address lost wages and it contained a non-disclosure provision.

The ALJ denied relief. The ALJ found, considering both the State time-loss compensation and the PPD award, that Plaintiff was overpaid $18,650.00 in DIB.[8] The ALJ found Plaintiff had not disclosed the workers' compensation payments to the SSA. The ALJ did not give Plaintiff's allegations controlling weight because Plaintiff knew or should have known that he was required to report all workers' compensation payments to the SSA, and he did not make the required report. The ALJ therefore found Plaintiff's DIB were subject to offset and Plaintiff was at fault in causing the overpayment because he failed to furnish material information.

---

[6] ECF No. 26 at 5.

[7] AR 167-69.

[8] AR 11-19.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 3

Plaintiff asks the Court to review the ALJ's decision for legal error and lack of substantial evidence.

## II.     Analysis

**A.     Plaintiff's PPD award is not subject to federal offset.**

The Social Security Act requires that disability insurance benefits (DIB) be reduced when an individual is also entitled to "periodic benefits on account of his total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State."[9] The statutory intent for this offset provision is to prevent duplication of state workers' compensation and social security disability benefits, as duplication may decrease a disabled worker's incentive to return to work.[10] Certain benefits, such as medical, legal, or related expenses in connection with the disability claim or injury, are not subject to the federal offset provision.[11]

---

[9] 42 U.S.C. § 424a(a)(2)(A) (cleaned up). *See also* 20 C.F.R. § 404.408; Program Operations Manual System (POMS) DI 52101.001.

[10] *See Richardson v. Belcher*, 404 U.S. 78, 82-83 (1971) (discussing the offset provision's legislative history and seeking to ensure that the worker did not receive compensation for his disability in excess of his take-home pay); *Hodge v. Shalala*, 27 F.3d 430, 432 (9th Cir. 1993) ("Congress intended [the offset provision] to prevent double recovery.").

[11] 20 C.F.R. § 404.408(d).

In *Hodge v. Shalala*, the Ninth Circuit interpreted the federal offset law as applying when a State benefit was issued, either as a periodic payment or as a lumpsum payment, to compensate the recipient for an economic loss of earning power.[12] At issue in *Hodge* was the Oregon workers' compensation program. The Ninth Circuit determined that Oregon's lumpsum "scheduled" benefit payment constituted a benefit intending to compensate the injured worker for the economic loss of earning capacity. Therefore, the Ninth Circuit ruled that the Oregon "scheduled" payment must be offset from federal disability benefits.[13]

Later, in an unpublished opinion, a Ninth Circuit panel analyzed the relationship between the PPD component of the Washington workers' compensation law and the federal offset law.[14] In *Sutton*, the panel held that a Washington PPD payment was *not* a benefit subject to federal disability offset. The panel reached a different conclusion than that reached in *Hodge* because, as the

---

[12] 27 F.3d 430, 432-34 (9th Cir. 1994).

[13] *Id.* at 432-34.

[14] *Sutton v. Berryhill*, No. 15-35722, 677 Fed. Appx. 341 (9th Cir. 2017) (unpublished opinion). The Commissioner highlights that the unpublished *Sutton* decision is not binding. ECF No. 27 at 3-4. However, *Sutton* may still be cited for its persuasive value. LCivR 7(g)(2). Because this case involves the interpretation of the same Washington law as discussed in *Sutton*, the Court finds *Sutton* persuasive.

panel emphasized, a Washington PPD payment is not intended to cover the recipient's lost earning capacity. In reaching this ruling, the panel highlighted:

- Washington case law has recognized that Washington's PPD payments compensate for loss of bodily function, regardless of whether that loss of bodily function has an effect on the recipient's wage-earning capacity.
- the statutory purpose for PPD payments does not include considering wage earning power.
- a Washington regulation provides that PPD payments are based solely on the impaired body part/function without consideration of economic factors.[15]

Here, the ALJ decided that Plaintiff's federal DIB were to be offset by his PPD award. In making this finding, the ALJ simply labeled Plaintiff's PPD award as a "lump sum workers' compensation payment of $115,000," without analyzing whether PPD payments in Washington are subject to federal offset.[16]

As articulated in *Sutton,* Washington PPD payments are calculated based on a body part's loss of existence or function, regardless of the impact on earning

---

[15] *Sutton*, 677 Fed. Appx. at 342 (citing *Willoughby v. Dep't of Labor & Indus. of the State of Wash.*, 147 Wn.2d 725, 736 (9th Cir. 2002) (abrogated on other grounds*),* and *McIndoe v. Dep't of Labor & Indus.*, 144 Wn.2d 252, 261-62 (2001)).

[16] AR 16.

capacity. Accordingly, the PPD payment at issue here did not compensate Plaintiff for wage loss. Moreover, the settlement agreement terms are consistent with Washington's PPD purpose, regulations, and case law. The settlement agreement stated that Plaintiff's pay, salary, and other compensation had already been earned or awarded. Plaintiff's PPD award was not a duplicative wage-compensation benefit. Plaintiff's social security disability benefits are not to be offset by the PPD award.

## B.   The time-loss overpayment need not be repaid.

Plaintiff agrees that the $11,425.50 he received as time-loss compensation from the State for the period of May 1, 2011 through December 28, 2011, is subject to federal offset. But Plaintiff asks that repayment be waived because he was clearly not at fault for the SSA's overpayment of DIB.

Recovery of an overpayment may be waived if the beneficiary of the overpayment is 1) without fault in causing the overpayment, and 2) recovery or adjustment of the overpayment defeats the purpose of Title 2 or is against equity and good conscience.[17] A beneficiary is "at fault" when he caused or helped cause the overpayment.[18] The fault depends on the degree of care the beneficiary took in ensuring an overpayment would not be assessed.[19] Recovery defeats Title 2's

---

[17] POMS GN 02201.019.

[18] POMS GN 02250.005.

[19] POMS GN 02250.005.

purpose when the beneficiary's ordinary and necessary expenses meet or exceed his income.[20]

Although the ALJ found that Plaintiff was at fault for not disclosing the settlement agreement's PPD award,[21] the ALJ did not mention that Plaintiff did disclose on his social security application that he had "been on time-loss with an open L&I claim up until December 31, 2011."[22] Accordingly, the ALJ's finding that Plaintiff was at fault because he failed to disclose State benefits does not apply to the disclosed time-loss compensation. Given Plaintiff's disclosure of his time-loss compensation, Plaintiff was not at fault for the overpayment of DIB due to time-loss compensation from the State.

The ALJ did not reach the question of whether Plaintiff's repayment of his time-loss compensation will defeat Title 2's purpose. The record need not be further developed in this regard. Plaintiff's wife testified at the hearing as to Plaintiff's family's financial situation. Their living expenses exceed the family's income. For that reason, repayment of DIB due to the $11,425.50 time-loss compensation will defeat Title 2's purpose. Therefore, Plaintiff's repayment of DIB is waived.

---

[20] POMS GN 02250.100.

[21] AR 16-17.

[22] ECF No. 26 at 5 (cleaned up).

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 8

C. **Remand**

This matter is reversed and remanded. Repayment of the PPD award is not required, and repayment of the time-loss compensation is waived.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 25**, is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 27**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security. **Plaintiff is not required to repay social security benefits.**

4. The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to file this Order and provide copies to all counsel.

**DATED** this 10th day of June 2021.

_Edward F. Shea_
EDWARD F. SHEA
Senior United States District Judge